UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENNIS KIRCHNER AND DEBRA KIRCHNER, | § § § § § | |
| *Plaintiffs*, | § § | Civil Action No. SA-17-CV-00341-XR |
| *v.* | § § § | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HIS ASSET SECURITIZATION CORPORATION TRUST 2007-WFI, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-WFI, | § § § § § § § § | |
| *Defendant.* | § | |

## ORDER

On this date, the Court considered Plaintiffs Dennis Kircher and Debra Kirchner's Motion to Remand (Docket no. 4) and Amended Motion to Remand (Docket no. 7). After careful consideration, the motions are DENIED.

## BACKGROUND

The Kirchners filed their original petition to quiet title and for declaratory judgment in the 198th Judicial District Court of Bandera County, Texas on March 6, 2017. Docket no. 1-1 at 22. Their original petition seeks to invalidate the home equity loan on their property because it allegedly violates the Texas Constitution, and asks that Defendant Deutsche Bank National Trust Company be barred from foreclosing on the property. *Id.* at 25–26. The case number in state court was CV-17-75. *Id.* at 22. Summons was issued in the underlying state court action on March 10, and that day, a copy of the citation was placed in the mail to Deutsche Bank's registered agent at an address in Dallas. *Id.* at 17–21. There is no indication of when Deutsche Bank received formal service of process; in fact, it may be that Deutsche Bank never received

1

formal service. Docket no. 1-5 at 2 (Supplement to JS 44 Civil Cover Sheet stating that "Defendant has not been served. The reason for non-service is unknown.").

On April 13, 2017, Deutsche Bank filed an answer in the CV-17-75 state court action. Docket no. 1-1 at 5. On April 18, Deutsche Bank removed the CV-17-75 action to this Court on the basis of diversity jurisdiction. Docket no. 1. According to Deutsche Bank's notice of removal, the Kirchners are citizens of Texas, Deutsche Bank is a citizen of California, and the amount in controversy is approximately $260,000 based on the value of the property at issue in this foreclosure proceeding. *Id*. at 3–6; *see also* Docket no. 1-3 (Bandera County Central Appraisal District Records). The Kirchners do not challenge the substantive requirements of diversity jurisdiction.

On May 10, 2017, the Kirchners filed their original motion to remand. Docket no. 4. Deutsche Bank responded that day. Docket no. 6. On May 11, the Kirchners filed an amended motion to remand, which makes essentially the same legal arguments as the original motion while providing some factual clarity. The Court now turns to these motions.

## DISCUSSION

The Kirchners argue that Deutsche Bank did not timely file its notice of removal, and that this procedural defect warrants remand. In particular, the original motion to remand argues that

> the Defendants [sic] received notice of the lawsuit by email from the Plaintiff's attorney on October 5, 2016 Cause number CVCN 160000372, in the 198th District Court of Bandera County Texas [sic]. The Defendants [sic] did not file a notice of removal until April 21, 2017. Therefore, the Defendant's notice of removal filed on April 21, 2017 was not within thirty days from October 5, 2016. Thus, the Court should remand the instant matter to stay court for the Defendants [sic] failure to timely remove this matter in accordance with 28 U.S.C. § 1446(b)(1).[1]

---

[1] The Kirchners' statement that Deutsche Bank removed this action on April 21, 2017 is not correct; Deutsche Bank filed its notice of removal on April 18, 2017. *See* Docket no. 1.

2

Docket no. 4 at 5. In the amended motion, the Kirchners explain that there was a previous lawsuit in Bandera County involving foreclosure of the same property, case number CVCN-160000372. *Id*. at 6. In that case, Deutsche Bank filed a petition under Texas Rule of Civil Procedure 736, seeking an expedited foreclosure against the Kirchners. *Id*. at 5. When the time came to serve Deutsche Bank in the instant action (CV-17-75), the Kirchners relied on information from the previous action (CVCN-160000372), such as Deutsche Bank's prior counsel and the Secretary of State's records. *Id*. This factual background culminates in the Kirchners' argument that because Deutsche Bank served them with a citation in a related but different state court case in October 2016, Deutsche Bank was required to file a notice of removal *in this case* within 30 days of October 2016.

> The relevant removal statute provides that
>
> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1)

As an initial matter, even if the Kirchners' construction of the law is correct (and being on notice of a lawsuit without being served with formal process will begin the 30-day time period for removal), their argument makes no sense. According to the Kirchners' timeline, Deutsche Bank filed the initial pleading in the first state court action (CVCN-160000372) in October 2016, but the present action (CV-17-75) did not exist until the Kirchners filed their state court petition more than five months later. Based on the plain language of the statute, it is impossible for Deutsche Bank to have received, through service or otherwise, a copy of the Kirchners' petition in this lawsuit in October 2016 when the Kirchners did not file that petition

until March 2017. Thus, the 30-day time period to remove under § 1446(b)(1) was not triggered six months before this lawsuit was filed.

Aside from this factual impossibility, Plaintiffs' construction of the law is wrong. Under the removal statute, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). The Supreme Court has interpreted this language to mean that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Stated differently, "[t]he 30 day period [to remove under § 1446(b)(1)] in no event begins to run prior to service of process on the defendant." *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 390 (5th Cir. 2000) (citing *Murphy Bros.*, 526 U.S. 344). Here, Deutsche Bank was not served with process in state court. For this reason as well, the Kirchners' motions to remand are without merit.

## CONCLUSION

For the foregoing reasons, Plaintiffs Dennis and Debra Kirchner's motions to remand (Docket nos. 4, 7) are DENIED.

It is so ORDERED.

SIGNED this 18th day of May, 2017.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

4