UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DENNIS KIRCHNER AND DEBRA KIRCHNER, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HIS ASSET SECURITIZATION CORPORATION TRUST 2007-WFI, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-WFI, <br><br> *Defendant.* | Civil Action No. SA-17-CV-00341-XR |

## ORDER

On this date, the Court considered the status of the above-captioned case, along with Plaintiff's recent filing titled "Plaintiff's [sic] Response to Defendant [sic] Motion for Summary Judgment In the Alternative Motion to Dismiss." Docket no. 17. To the extent that this filing is a motion, it is DENIED in all respects.

## BACKGROUND

On March 6, 2017, the Kirchners filed their original petition to quiet title and for declaratory judgment in the 198th Judicial District Court of Bandera County, Texas. Docket no. 1-1 at 22. Their original petition seeks to invalidate the home equity loan on their property because it allegedly violates the Texas Constitution, and asks that Defendant Deutsche Bank National Trust Company be barred from foreclosing on the property. *Id*. at 25–26. In particular, the Kirchners point to two reasons why the home equity loan allegedly violates the Texas Constitution—(1) Plaintiff Debra Kirchner did not sign the note, rendering it invalid under Section 50(a)(6)(A), Article XVI of the Texas Constitution which requires that a home equity

1

loan be "secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse"; and (2) Closing fees associated with the Loan exceeded 3%, in violation of Article XVI § 50(a)(6)(E) of the Texas Constitution.

On May 10, 2017, the Kirchners filed a motion to remand. Docket no. 4. Deutsche Bank responded that day. Docket no. 6. On May 11, the Kirchners filed an amended motion to remand, which made essentially the same legal arguments as the original motion while providing some factual clarity. Docket no. 7. On May 18, the Court issued an order denying both motions. Docket no. 12.

On June 8, 2017, Defendant filed a motion for summary judgment. Docket no. 15. The Local Rules allowed Plaintiffs 14 days to respond. LOCAL RULE CV-7(e)(2). Plaintiffs did not file a timely response.

On June 29, 2017, the Court held a status conference on this case. Neither Plaintiffs nor Plaintiffs' counsel, Mr. Samuel Judge Brown, appeared or gave the Court warning that they would not attend. At the status conference, the Court heard limited argument from Defendant regarding the motion for summary judgment. After doing so, the Court confirmed that neither Plaintiffs nor Plaintiffs' counsel were in attendance, and orally granted the motion for summary judgment.

At some point on June 29, the Clerks' Office received a document from Plaintiffs' counsel titled "Plaintiff's [sic] Response to Defendant [sic] Motion for Summary Judgment In the Alternative Motion to Dismiss." Docket no. 17. This filing was docketed the next day.

**DISCUSSION**

The purpose of Plaintiffs' June 29 filing is unclear. Its title indicates that it is a response to Defendant's motion for summary judgment, and at points, it is. But it is not timely, both

2

because it was filed more than 14 days after the motion for summary judgment and because the Court has already granted summary judgment. The title also indicates that it is a motion to dismiss, but it does not seek dismissal of Plaintiffs' own claims, and Defendant does not assert any affirmative claims in this lawsuit. A large portion of the filing asks that this Court remand this action to the state court, which was the subject of two prior motions that the Court denied.

For these reasons, it is unclear what relief Plaintiffs seek by their filing—they could be filing an untimely response to the motion for summary judgment, a timely motion for reconsideration of the Court's grant of summary judgment, a motion to remand (or for reconsideration of the previous remand decision), or a motion to dismiss. In any event, the purpose of this order is to briefly address Plaintiffs' positions, and explain the reasons why any relief sought by this filing is denied.

**I. Plaintiffs' response presents no applicable arguments against Defendant's Motion for summary judgment.**

As an initial matter, the Court again notes that to the extent Plaintiffs are responding to Defendant's motion for summary judgment, this response is untimely and subject to being stricken on that ground.

Nevertheless, the Court has analyzed the contentions of the response and found them to be without merit; though Plaintiffs repeatedly attack the validity of the home equity lien, none of the bases for these attacks address Defendant's arguments. Plaintiffs first argue that Defendant has been given notice of defects in the loan and has not cured the defects within 60 days, but this argument assumes that there are defects in the loan, which there are not for reasons discussed below. Plaintiffs next argue that Defendant did not send notices of default, acceleration, and sale in accordance with the Texas Property Code, but these are not allegations made in Plaintiffs' complaint and are not properly before the Court. Plaintiffs' third and final argument on the

merits is that "[d]ismissal in this case is also required, as the four-year statute of limitations bars [Defendant's] claim." Docket no. 17 at 11. This argument is difficult to construe because this is *Plaintiffs'* action, and Defendant does not assert any affirmative claims for relief in this case that might be barred by limitations.

Aside from the above arguments, Plaintiffs do not address Defendants' two grounds for summary judgment, explained by the Court at the June 29 status conference from which Plaintiffs' counsel was absent. In the interests of clarifying and completing the record, the Court briefly restates its logic as to each of Plaintiffs' two claims.

First, Plaintiffs' claim that Debra Kirchner's failure to sign the note invalidates the loan is without merit because there is no fact issue as to whether there was a valid home equity lien. The Texas Constitution requires that a home equity loan be "secured by a voluntary lien on the homestead created under a written agreement *with the consent* of each owner and each owner's spouse." TEX. CONST., ART. XVI § 50(a)(6)(A) (emphasis added). "An owner or an owner's spouse who is not a maker of the note may consent to the lien by signing a written consent to the mortgage instrument. The consent may be included in the mortgage instrument or a separate document." TEX. ADMIN. CODE. § 153.2. Under the Texas Constitution and this statute, then, it is not necessary for both spouses to sign the home equity note itself; the Texas Constitution is satisfied where both spouses sign an accompanying security instrument, which was done by both Plaintiffs (husband *and* wife) here. Docket no. 15-2 at 15; *see also Puig v. Citibank, N.A.*, 3:11-CV-0270-L, 2012 WL 1835721, at *8 (N.D. Tex. May 21, 2012), *aff'd*, 514 F. App'x. 483 (5th Cir. 2013) (finding § 50(a)(6)(A)'s requirements met and granting summary judgment in favor of Citibank where both spouses signed a deed of trust).

Second, Plaintiffs' claim that fees associated with the closing exceeded 3% likewise fails because Plaintiffs include amounts in their calculations that they should not, and there is no fact issue that the fees are below 3%. Under the Texas Constitution, a home equity loan is invalid if it "require[s] the owner or the owner's spouse to pay, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original principal amount of the extension of credit" TEX. CONST., ART. XVI § 50(a)(6)(E). TEX. ADMIN. CODE § 153.5 provides that certain amounts *are not* "fees" that count towards this 3% limit—interest (§ 153.5(3)); charges absorbed by lender (§ 153.5(5)); escrow funds, including funds to pay insurance premiums and taxes (§ 153.5(14)); and property insurance premiums (§ 153.5(16)). When subtracting these amounts from Plaintiffs' calculations, closing fees amount to far less than the 3% maximum. *See* Docket no. 15-1 at 12.

## II. Plaintiffs' arguments for remand of this action are wrong and have been previously addressed by the Court.

Finally, the Court turns to portions of the Plaintiffs' most recent filing which ask for a remand of this action to state court. Plaintiffs have previously filed two motions to remand, both of which were denied. Docket no. 12 (denying Docket nos. 4, 7). Their current arguments for remand are essentially the same as their previous arguments, and at points are identical. For the reasons discussed in the Court's previous order, these arguments fail. *See id*.

## CONCLUSION

For the foregoing reasons, the Court reaffirms its oral order granting Defendant's motion for summary judgment and denies any relief sought by Plaintiffs in their recent filing titled "Plaintiff's [sic] Response to Defendant [sic] Motion for Summary Judgment In the Alternative Motion to Dismiss." Docket no. 17.

It is so ORDERED.

SIGNED this 5th day of July, 2017.

                                                XAVIER RODRIGUEZ
                                                UNITED STATES DISTRICT JUDGE