## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DENNIS KIRCHNER AND DEBRA KIRCHNER, | § § § § § § § § § § § § § § § | |
| *Plaintiffs*, | | |
| | | Civil Action No. SA-17-CV-00341-XR |
| *v.* | | |
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HIS ASSET SECURITIZATION CORPORATION TRUST 2007-WFI, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-WFI, | | |
| *Defendant.* | | |

## ORDER

On this date, the Court considered Plaintiffs' Motion for a New Trial. Docket no. 20. After careful consideration, the motion is DENIED. Further, the Court warns Plaintiffs' counsel that continuing to assert repetitious arguments based on previously rejected theories will result in sanctions under Federal Rule of Civil Procedure 11.

## BACKGROUND[1]

On March 6, 2017, Plaintiffs filed their original petition to quiet title and for declaratory judgment in the 198th Judicial District Court of Bandera County, Texas. Docket no. 1-1 at 22. Their original petition seeks to invalidate the home equity loan on their property because it allegedly violates the Texas Constitution, and asks that Defendant Deutsche Bank National Trust Company be barred from foreclosing on the property. *Id*. at 25–26. In particular, Plaintiffs point to two reasons why the home equity loan allegedly violates the Texas Constitution—(1) Plaintiff

---

[1] The following background is adapted in large part from the Court's order dated July 5, 2017, Docket no. 18, which addressed "Plaintiff's [sic] Response to Defendant [sic] Motion for Summary Judgment In the Alternative Motion to Dismiss." Docket no. 17. Additional background facts are added where necessary.

Debra Kirchner did not sign the note, rendering it invalid under Section 50(a)(6)(A), Article XVI of the Texas Constitution which requires that a home equity loan be "secured by a voluntary lien on the homestead created under a written agreement with the consent of each owner and each owner's spouse"; and (2) Closing fees associated with the Loan exceeded 3%, in violation of Article XVI § 50(a)(6)(E) of the Texas Constitution. At this point, Plaintiffs appear to have abandoned the second theory. *See* Docket no. 20.

On May 10, 2017, Plaintiffs filed a motion to remand. Docket no. 4. Defendant responded that day. Docket no. 6. On May 11, Plaintiffs filed an amended motion to remand, which made essentially the same legal arguments as the original motion while providing some factual clarity. Docket no. 7. On May 18, the Court issued an order denying both motions. Docket no. 12.

On June 8, 2017, Defendant filed a motion for summary judgment. Docket no. 15. The Local Rules allowed Plaintiffs 14 days to respond. LOCAL RULE CV-7(e)(2). Plaintiffs did not file a timely response.

On June 29, 2017, the Court held a status conference on this case. Neither Plaintiffs nor Plaintiffs' counsel, Mr. Samuel Judge Brown, appeared or gave the Court warning that they would not attend. At the status conference, the Court heard limited argument from Defendant regarding the motion for summary judgment. After doing so, the Court confirmed that neither Plaintiffs nor Plaintiffs' counsel were in attendance, and orally granted the motion for summary judgment.

At some point on June 29, the Clerks' Office received a document from Plaintiffs' counsel titled "Plaintiff's [sic] Response to Defendant [sic] Motion for Summary Judgment In the Alternative Motion to Dismiss." Docket no. 17. This filing was docketed the next day. On

July 5, 2017, the Court addressed the merits of that response, and, because that filing may have been a motion, denied any requests for relief contained therein. Docket no. 18.

On July 28, 2017, Plaintiffs filed a motion for new trial, to which the Court now turns. Docket no. 20.

## DISCUSSION

## I.   The procedural basis for Plaintiffs' motion is unclear, but it should properly be analyzed under Federal Rule of Civil Procedure 59(e).

Plaintiffs argue that a recent decision from the Texas Supreme Court, *Kyle v. Strasburger*, 16-0046, 2017 WL 2608344, at *4 (Tex. June 16, 2017), constitutes newly acquired evidence entitling them to a new trial. Procedurally, however, the basis for their motion is unclear. Plaintiffs state that this motion is timely under Federal Rule of Civil Procedure 59, but add that under Rule 60(b)(2), *Kyle* constitutes "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Federal Rules [sic] of Civil Procedure Rule 59(b)." Docket no. 20 at 1. The side-by-side references to Rule 59 and Rule 60(b)(2) are puzzling. Rule 60(b)(2) contemplates a situation in which evidence cannot be discovered quickly enough to file a timely motion under Rule 59, yet Plaintiffs assert that their motion *is* timely under Rule 59 (thus implying that the evidence *has been* discovered within Rule 59's time limits). The Court assumes Plaintiffs intended to file a motion under Rule 59, and their Rule 59 motion would be timely because it was filed within 28 days of the entry of judgment on July 7, 2017. *See* Docket no. 17.

To the extent that Plaintiffs seek relief under Rule 60(b)(2), their attempt is improper. Plaintiffs' motion is based on the Texas Supreme Court decision in *Kyle*, which was issued on June 16, 2017. Plaintiffs could timely have addressed this decision in response to Defendant's Motion for Summary Judgment, but as previously stated, they did not file a timely response to

that motion. Even in their untimely response, Plaintiffs did not address *Kyle*. *See generally* Docket no. 17. Plaintiffs could have addressed this decision at the June 29 status conference at which the Court orally granted Defendant's motion for summary judgment, but neither Plaintiffs nor their counsel appeared at the hearing or gave notice that they would not attend. As noted, Rule 60(b)(2) contemplates relief where there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." FED. R. CIV. P. 60(b)(2). The *Kyle* decision could have been quite easily discovered with even modest diligence; instead, Plaintiffs' counsel failed to file a timely response to Defendant's motion for summary judgment, ignored *Kyle* in the untimely response, and skipped a hearing.

Finally, the Court notes that Rule 59(b) is not the proper vehicle for challenging the entry of summary judgment, despite Plaintiffs' reference to it. The proper vehicle is a Rule 59(e) motion, which Plaintiffs do not mention. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 (5th Cir. 1996) ("The [plaintiffs'] reconsideration motion was styled as a motion for new trial, pursuant to FED. R. CIV. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment."). Accordingly, the Court will analyze Plaintiffs' motion under the standard for a motion brought under Rule 59(e). *See Barroso v. Livingston*, SA-14-CV-421-XR, 2016 WL 4398544, at *2 (W.D. Tex. Aug. 18, 2016), *aff'd sub nom. Barroso v. Sheriff of Bexar Cty., Tex.*, 680 F. App'x. 338 (5th Cir. 2017) (construing a motion challenging the entry of summary judgment as a Rule 59(e) motion even though it was not styled as such).

### a. Legal Standard for a Rule 59(e) Motion

A motion under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *In re Transtexas Gas Corp.*, 303 F.3d 571,

581 (5th Cir. 2002). There are three grounds for altering or amending a judgment under a Rule 59(e) motion: (1) to correct a manifest error of law or fact, (2) to account for newly discovered evidence, or (3) to accommodate an intervening change in the controlling law. *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563, 567 (5th Cir. 2003) (internal quotations omitted). Importantly, the Fifth Circuit has explained that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 478–79; *see also Alvarado v. Tex. Rangers*, No. EP–03–CA–0305–FM, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005) ("A Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and [the] Court."). A Rule 59(e) motion to alter or amend a judgment is an "extraordinary remedy that should be used sparingly" by the courts. *Templet*, 367 F.3d at 479.

This guidance—combined with the fact that *Kyle* pre-dates the entry of summary judgment and yet was not briefed by Plaintiffs—indicates that Plaintiffs are not entitled to relief because they are seeking "a second[2] bite at the apple." Nevertheless, the Court will address the merits of their motion, which is denied for the following reasons as well.

## II. Plaintiffs reliance on *Kyle* is misplaced and does not address the reasons that the Court granted summary judgment.

Procedural shortcomings of Plaintiffs' motion aside, their main argument fails on its merits as well. Plaintiffs' rely mainly on *Kyle*, along with several other Texas Supreme Court decisions cited therein. Plaintiffs again insist that the lien on their property is invalid because the

---

[2] This motion is more like Plaintiffs' *fourth* attempted bite at the apple. Their first was the opportunity to file a timely response to Defendant's motion for summary judgment. Their second was the opportunity to present argument at the June 29 hearing. Their third was their untimely response to the motion for summary judgment, which the Court considered despite its tardiness.

With respect to certain points raised in Plaintiffs' motion—those that seek a remand of this action—this motion is actually Plaintiffs' *sixth* attempted bite at the apple. In addition to the above, Plaintiffs also filed two motions to remand, which were denied. *See* Docket no. 12.

home equity note was signed only by Plaintiff Dennis Kirchner but not by his then-wife, Plaintiff Debra Kirchner. They argue that Defendant received notice of this defect on April 13 but did not cure it within the 60-day time period prescribed by the Texas Constitution. Accordingly, they argue Defendant's failure to cure renders this action "mute." *E.g.,* Docket no. 20 at 8. Though their argument is incomprehensible at points, Plaintiffs appear to rely on *Kyle* for the proposition that "a lender cannot cure a lack of spousal consent; only the spouse can by subsequently consenting to the lien." Docket no. 20 at 5.

This argument overlooks the rationale behind Defendant's motion for summary judgment along with the Court's rationale for granting that motion. The issue is not Defendant's failure to cure a lack of spousal consent. Instead, Plaintiff Debra Kirchner *did* consent to the lien, despite not signing the note. As such, *Kyle* is neither an intervening change in law nor newly discovered evidence that is in any way relevant to the disposition of this case.

Plaintiffs are correct that the Texas Constitution requires a home equity loan to be "secured by a voluntary lien on the homestead created under a written agreement *with the consent of each owner and each owner's spouse*." TEX. CONST., ART. XVI § 50(a)(6)(A) (emphasis added). But they have consistently ignored language from the Texas Administrative Code which defines *how* an owner or an owner's spouse can consent to a lien: "An owner or an owner's spouse who is not a maker of the note may consent to the lien by signing a written consent to the mortgage instrument. *The consent may be included in the mortgage instrument or a separate document*." TEX. ADMIN. CODE. § 153.2 (emphasis added).

As explained in previous orders, Plaintiff Debra Kirchner may not have signed the note itself, but there is no issue of material fact as to whether she signed the accompanying security instrument. Docket no. 15-2 at 9. This is sufficient under the Texas Administrative Code to show

her consent to the lien, and thus that it is not invalid under the Texas Constitution. *See Puig v. Citibank, N.A.*, 3:11-CV-0270-L, 2012 WL 1835721, at *8 (N.D. Tex. May 21, 2012), *aff'd*, 514 F. App'x. 483 (5th Cir. 2013) (finding § 50(a)(6)(A)'s requirements met and granting summary judgment in favor of Citibank where both spouses signed a deed of trust). The Texas Supreme Court's decision in *Kyle* is inapposite here, and Plaintiffs' motion for new trial is denied for these reasons.

### III. Plaintiffs' arguments for remand of this action are wrong and have been previously addressed by the Court.

In the final section of Plaintiffs' present motion for new trial, titled "Invalid Liens," they assert that "[t]he court ruled on a Motion for Summary Judgement in a case that was not removed timely to its jurisdiction." Docket no. 20 at 8–9. Plaintiffs then recite, word-for-word, their previous arguments to remand this action, even though this Court twice rejected those exact same arguments. *Compare id*. at 9 *with* Docket no. 7 at 5–6 *and* Docket no. 17 at 20–21.

The Court once again reiterates that these arguments are incorrect and do not warrant remand. As explained in the Court's May 18 order denying Plaintiffs' two initial motions to remand, which was the first time the Court rejected these arguments:

> [E]ven if [Plaintiffs'] construction of the law is correct (and being on notice of a lawsuit without being served with formal process will begin the 30-day time period for removal), their argument makes no sense. According to [Plaintiffs'] timeline, [Defendant] filed the initial pleading in the first state court action (CVCN-160000372) in October 2016, but the present action (CV-17-75) did not exist until [Plaintiffs] filed their state court petition more than five months later. Based on the plain language of the statute, it is impossible for [Defendant] to have received, through service or otherwise, a copy of [Plaintiffs'] petition in this lawsuit in October 2016 when [Plaintiffs] did not file that petition until March 2017. Thus, the 30-day time period to remove under § 1446(b)(1) was not triggered six months before this lawsuit was filed.

> Aside from this factual impossibility, Plaintiffs' construction of the law is wrong. Under the removal statute, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant,

*through service or otherwise*, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). The Supreme Court has interpreted this language to mean that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Stated differently, "[t]he 30 day period [to remove under § 1446(b)(1)] in no event begins to run prior to service of process on the defendant." *Badon v. R J R Nabisco Inc.*, 224 F.3d 382, 390 (5th Cir. 2000) (citing *Murphy Bros.*, 526 U.S. 344). Here, [Defendant] was not served with process in state court. For this reason as well, [Plaintiffs'] motions to remand are without merit.

Docket no. 12 at 3–4.

The second time Plaintiffs reasserted this same argument verbatim, the Court referred back to this logic, and explained that remand was not warranted:

[T]he Court turns to portions of the Plaintiffs' most recent filing which ask for a remand of this action to state court. Plaintiffs have previously filed two motions to remand, both of which were denied. Docket no. 12 (denying Docket nos. 4, 7). Their current arguments for remand are essentially the same as their previous arguments, and at points are identical. For the reasons discussed in the Court's previous order, these arguments fail. *See id*.

Docket no. 18 at 5.

Accordingly, for the same reasons that the Court has already explained twice, Plaintiffs are not entitled to a new trial because the case should have been remanded.

## IV.    Plaintiffs' arguments are frivolous, have already been addressed, and place Plaintiffs' counsel at risk of sanctions.

This order is the third time that the Court has, in writing, denied Plaintiffs' request for a remand of this action to state court. It is the second time the Court has rejected Plaintiffs' arguments regarding Plaintiff Debra Kirchner's alleged non-consent to the lien; the Court also explained this reasoning at the June 29 hearing which neither Plaintiffs nor their counsel attended. At this point, Plaintiffs' counsel knows or should know that these repetitious and

meritless arguments are frivolous. As such, the Court warns Plaintiffs' counsel that continuing to file such motions will result in sanctions under Federal Rule of Civil Procedure 11.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for a new trial (Docket no. 20) is DENIED. In addition, the Court advises Plaintiffs' counsel that further frivolous and repetitious motions will result in sanctions.

It is so ORDERED.

SIGNED this 2nd day of August, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE