UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DENNIS KIRCHNER AND DEBRA KIRCHNER, <br><br> *Plaintiffs*, <br><br> *v.* <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR HIS ASSET SECURITIZATION CORPORATION TRUST 2007-WFI, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2007-WFI, <br><br> *Defendant.* | § § § § § § § § § § § § § § § § Civil Action No. SA-17-CV-00341-XR |

## ORDER

On this date, the Court considered Plaintiffs' Request for Findings of Fact and Conclusions of Law. Docket no. 22. After careful consideration, the motion is DENIED.

## BACKGROUND

A more complete statement of the background of this case is available in the Court's prior orders. Docket nos. 12, 18, 21. To briefly restate this background, Plaintiffs filed their original petition to quiet title and for declaratory judgment, seeking to invalidate Defendant's home equity loan on their property because Plaintiff Debra Kirchner (wife of Plaintiff Dennis Kirchner) did not sign the note and because closing fees associated with the loan exceeded 3%. Docket no. 1-1 at 25–26. Defendant moved for summary judgment on June 8, 2017. Docket no. 15. Plaintiffs did not file a timely response. At a June 29, 2017 status conference and hearing on all pending motions from which Plaintiffs and their counsel were absent without explanation, the Court heard limited argument from Defendant on the motion, which was granted. After the Court granted summary judgment, Plaintiffs filed an untimely response to Defendant's motion for

1

summary judgment, the purpose of which was unclear because it purported to be a motion in certain parts. Docket no. 17. The Court issued an order denying any relief sought by the response and explaining the reasoning for orally granting Defendant's motion for summary judgment. Docket no. 18 at 4. ("In the interests of clarifying and completing the record, the Court briefly restates its logic [for granting summary judgment] as to each of Plaintiffs' two claims."). Plaintiffs then filed a motion for new trial, which the Court denied. Docket no. 20 (Plaintiffs' motion); Docket no. 21 (Court's order denying Plaintiffs' motion). In that order, the Court warned Plaintiffs' counsel of possible sanctions for continuing to reassert repetitious, meritless, and frivolous arguments. Docket no. 21 at 8–9.

On August 21, Plaintiffs filed a Request for Findings of Fact and Conclusions of Law. Docket no. 22 at 1. The substantive portions of this motion read:[1]

> You've just tried a summary judgment case to the bench, and the trial court has rendered judgment against your Dennis and Debra Kirchner. Now they request findings of fact and conclusions of law. Under Federal rule of civil procedure rule 59 "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58"
>
> As a practical matter, however, generally only the losing party will request initial findings and conclusions, because a judgment rendered without them has the greatest possibility of being upheld on appeal. Findings of fact can provide a basis for overcoming the presumption of the validity of the judgment and demonstrating error on appeal.
>
> . . .
>
> The parties have a right to written findings of fact and conclusions of law after a conventional bench trial on the merits Thus, if they are properly requested, the trial court must make and file them. The request must be entitled "Request for Findings of Fact and Conclusions of Law" and must be served on all other parties to the case in accordance with Rule 21a.

---

[1] Any errors and omissions in this quotation are in the original.

Docket no. 22 at 1.

## LEGAL STANDARD

The procedural basis for this motion is unclear. The reference to Federal Rule of Civil Procedure 59 is clearly an incorrect reference to Rule 52(a)(1), which reads: "In an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately. The findings and conclusions may be stated on the record after the close of the evidence or may appear in an opinion or a memorandum of decision filed by the court. Judgment must be entered under Rule 58." Plaintiffs' discussion of a "Request for Findings of Fact and Conclusions of Law" appears to be taken from Texas Rule of Civil Procedure 296, though Plaintiffs provide no citation. Furthermore, the fundamental premise of Plaintiffs' motion is that this case was culminated in a bench trial when actually it was dismissed at the summary judgment phase on Defendant's Rule 56 motion.

Under Rule 52, "[t]he court is not required to state findings or conclusions when ruling on a motion under Rule 12 or 56 or, unless these rules provide otherwise, on any other motion." FED. R. CIV. P. 52(a)(3). Nevertheless, the Fifth Circuit has "not hesitated to remand" cases for "an illumination of the [district] court's analysis through some formal or informal statement of reasons" where the district court grants summary judgment without explaining its reasoning for doing so. *E.g.*, *Myers v. Gulf Oil Corp.*, 731 F.2d 281, 283 (5th Cir. 1984). "'Although nothing in F. R. Civ. P. 56, governing summary judgment, technically requires a statement of reasons by a trial judge for granting a motion for summary judgment, [the Fifth Circuit has] many times emphasized the importance of a detailed discussion by the trial judge.'" *Id.* (quoting *Heller v. Namer*, 666 F.2d 905, 911 (5th Cir. 1982)). "The statement need not be formal or long, but it must be adequate to facilitate [appellate] review." *Etienne v. Spanish Lake Truck & Casino*

*Plaza, L.L.C.*, 547 F. App'x 484, 487 (5th Cir. 2013). Where the appellate court has "no notion of the basis for a district court's decision, because its reasoning is vague or simply left unsaid, there is little opportunity for effective review," and remand is appropriate. *See United States v. Flemons*, 277 F. App'x 367, 369 & n.6 (5th Cir. 2008) (quotations omitted) (remanding where "[t]he record essentially comprise[d] *in toto* [appellant's] *pro se* three-page motion and five-page appellate brief" and "[t]he district court denied [appellant's] motion without making any findings or providing any reasons.").

**DISCUSSION**

The Court has given full statements of its reasons for granting Defendant's motion for summary judgment at least twice. In open court at the June 29 hearing, from which Plaintiffs and their counsel were inexplicably absent, the Court summarized the applicable case law, discussed the relevant evidence, and fully explained its reasoning. Then, in response to Plaintiffs' untimely response to the motion for summary judgment, the Court explained its reasoning for granting summary judgment against Plaintiffs' two claims with the express purpose "of clarifying and completing the record":

> First, Plaintiffs' claim that Debra Kirchner's failure to sign the note invalidates the loan is without merit because there is no fact issue as to whether there was a valid home equity lien. The Texas Constitution requires that a home equity loan be "secured by a voluntary lien on the homestead created under a written agreement *with the consent* of each owner and each owner's spouse." TEX. CONST., ART. XVI § 50(a)(6)(A) (emphasis added). "An owner or an owner's spouse who is not a maker of the note may consent to the lien by signing a written consent to the mortgage instrument. The consent may be included in the mortgage instrument or a separate document." TEX. ADMIN. CODE. § 153.2. Under the Texas Constitution and this statute, then, it is not necessary for both spouses to sign the home equity note itself; the Texas Constitution is satisfied where both spouses sign an accompanying security instrument, which was done by both Plaintiffs (husband *and* wife) here. Docket no. 15-2 at 15; *see also Puig v. Citibank, N.A.*, 3:11-CV-0270-L, 2012 WL 1835721, at *8 (N.D. Tex. May 21, 2012), *aff'd*, 514 F. App'x. 483 (5th Cir. 2013) (finding § 50(a)(6)(A)'s

4

> requirements met and granting summary judgment in favor of Citibank where both spouses signed a deed of trust).
>
> Second, Plaintiffs' claim that fees associated with the closing exceeded 3% likewise fails because Plaintiffs include amounts in their calculations that they should not, and there is no fact issue that the fees are below 3%. Under the Texas Constitution, a home equity loan is invalid if it "require[s] the owner or the owner's spouse to pay, in addition to any interest, fees to any person that are necessary to originate, evaluate, maintain, record, insure, or service the extension of credit that exceed, in the aggregate, three percent of the original principal amount of the extension of credit" TEX. CONST., ART. XVI § 50(a)(6)(E). TEX. ADMIN. CODE § 153.5 provides that certain amounts *are not* "fees" that count towards this 3% limit—interest (§ 153.5(3)); charges absorbed by lender (§ 153.5(5)); escrow funds, including funds to pay insurance premiums and taxes (§ 153.5(14)); and property insurance premiums (§ 153.5(16)). When subtracting these amounts from Plaintiffs' calculations, closing fees amount to far less than the 3% maximum. *See* Docket no. 15-1 at 12.

Docket no. 18 at 4–5. Most recently, in response to Plaintiffs' motion for new trial, the Court recounted its logic for a *third* time as to Plaintiffs' first claim:[2]

> Plaintiffs are correct that the Texas Constitution requires a home equity loan to be "secured by a voluntary lien on the homestead created under a written agreement *with the consent of each owner and each owner's spouse*." TEX. CONST., ART. XVI § 50(a)(6)(A) (emphasis added). But they have consistently ignored language from the Texas Administrative Code which defines *how* an owner or an owner's spouse can consent to a lien: "An owner or an owner's spouse who is not a maker of the note may consent to the lien by signing a written consent to the mortgage instrument. *The consent may be included in the mortgage instrument or a separate document*." TEX. ADMIN. CODE. § 153.2 (emphasis added).
>
> As explained in previous orders, Plaintiff Debra Kirchner may not have signed the note itself, but there is no issue of material fact as to whether she signed the accompanying security instrument. Docket no. 15-2 at 9. This is sufficient under the Texas Administrative Code to show her consent to the lien, and thus that it is not invalid under the Texas Constitution. *See Puig v. Citibank, N.A.*, 3:11-CV-0270-L, 2012 WL 1835721, at *8 (N.D. Tex. May 21, 2012), *aff'd*, 514 F. App'x. 483 (5th Cir. 2013) (finding § 50(a)(6)(A)'s requirements met and granting summary judgment in favor of Citibank where both spouses signed a deed of trust). The Texas Supreme Court's decision in [*Kyle v. Strasburger*, 16-0046, 2017 WL 2608344, at *4 (Tex. June 16, 2017)] is inapposite here, and Plaintiffs' motion for new trial is denied for these reasons.

---

[2] Plaintiffs' motion for new trial did not address their second claim, so the Court did not have occasion to restate its logic on this point.

Docket no. 21 at 6–7.

In sum, the Fifth Circuit requires district courts to make specific statements of their reasoning when granting motions for summary judgment. In this case, the Court has done so multiple times, as set forth above. Plaintiffs may review these findings from the Court's previous orders, which would allow for sufficient and meaningful appellate review. Accordingly, Plaintiffs' request for findings of fact and conclusions of law (Docket no. 22) is DENIED. Should Plaintiffs or their counsel file any additional materials in this case, the clerk is ordered to strike the pleading. Plaintiffs' recourse is to file an appeal with the Fifth Circuit if they are dissatisfied (assuming any limitations have not run).

It is so ORDERED.

SIGNED this 22nd day of August, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE